UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HECTOR MANUEL MARQUEZ
PALENCIA,

          Plaintiff,

    v.

SECRETARY KIRSTI NOEM,
SECRETARY MARKWAYNE
MULLIN, GARRET RIPA,
SHERIFF DAVID HARDIN,

          Defendants.

Case No. 2:26-cv-1199-KCD-NPM

/

## <u>ORDER</u>

Hector Manuel Marquez Palencia seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that the Government's decision to deny him a bond hearing violates the Immigration and Nationality Act ("INA"). (Doc. 1 at 6.) As for relief, he seeks either immediate release from custody or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). (*Id.*)

The petition states that Palencia was denied bond by an immigration judge because he was deemed an "applicant for admission." (Doc. 1 at 4.) But that is not reflected in the record. (Doc. 1-1.) The day before filing this case, Palencia was scheduled for a bond hearing before an immigration judge. But his attorney withdrew the bond request. (Doc. 1-1.) The resulting order clearly reflects that the request was withdrawn. (*Id.*) Still, Palencia argues

that he's entitled to a bond hearing under a California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Palencia filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1 at 6.) But that wasn't the case. The Government had afforded Palencia the very opportunity to contest his detention that he asked this Court to provide. Palencia simply chose to abandon that opportunity when, through counsel, he withdrew the request for that exact relief. A petitioner cannot demand a hearing, receive a date for that hearing, walk away from it, and then ask a federal court to intervene because he has not had one. Because the underlying claims in his petition are now fully extinguished, his challenge to his initial, physical detention is moot.

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to enter judgment, terminate any pending motions, and **CLOSE** this case.

**ORDERED** in Fort Myers, Florida on May 11, 2026.

Kyle C. Dudek
United States District Judge